ARTHUR W. DENNIS *vs.* JOSLIN MANUFACTURING COMPANY *et al.*

The best evidence of the vote of a corporation is the recorded action of its stockholders or officers, although this is not conclusive against a stranger, or against a stockholder in an individual transaction between him and the corporation.

The declaration of a dividend is one of the most important acts of a corporation, implying corporate action to that effect, and ought to appear on the books of the company.

Members of a corporation cannot make an agreement between themselves informally ; the corporation must act as a body.

Parol evidence is inadmissible to prove a vote of a corporation declaring a dividend ; in case of error the remedy should be by a proceeding to correct the corporation records.

BILL IN EQUITY for an injunction. Heard on pleadings and proofs.

*December* 30, 1896. STINESS, J. This bill was filed to enjoin the defendant company from selling stock, belonging to the complainant, to satisfy a debt alleged to be due from him to the company.

The bill alleges that the three stockholders, composing the company at the time, had agreed that each might withdraw money from the profits of the company to be offset by a dividend, to be declared at the following annual meeting, sufficient to cover the amounts withdrawn, in proportion to the stock owned by each, and that at the annual meeting in July, 1894, a dividend was so voted. The stockholders withdrew certain sums, and the amount drawn by the complainant constitutes the debt in question. The records of the company show no vote declaring a dividend, but, on the contrary, show an account of advances made to the stockholders. The complainant seeks to prove the vote declaring a dividend, by parol. The respondents, denying the dividend and relying upon the records, object to parol testimony to vary or supplement the records.

It is undoubtedly true, as a general rule, that the best evidence of the votes of a corporation is the recorded action of its stockholders or officers, although they are not conclusive evidence against a stranger or against a stockholder in an individual transaction between him and the corporation. 6 Thomp. Corp. §§ 7731, 7734, 7739, 7740, and cases cited. But the claim here set up by the complainant is not an individual claim, but one in privity with the corporation and the other stockholders. The declaration of a dividend is one of the most important acts of a corporation. It is a disposi-

tion *pro tanto* of its property. It clearly implies corporate action to that effect. It is action of such a character that it ought to appear upon the books of the company. A corporation is not a copartnership, where members can make an agreement between themselves informally, but it must act as a corporate body ; and as corporations are now so numerous in all branches of business, we deem it to be highly important to require regularity and certainty in their proceedings, so far as mutual rights of stockholders are concerned. If the complainant is entitled to a dividend the other stockholders are also entitled, and their right ought to be as plain as his. But suppose that we should admit parol evidence and that, two of the three stockholders testifying to a dividend and the third denying it, the court should sustain the complainant's claim in this case. They would get the benefit of a dividend as an offset to their account. Suppose also that the third stockholder, having drawn nothing, should sue for his dividend, and, confronted by his testimony in this case, or unable to procure witnesses, a jury should believe that no dividend was made. He would get nothing. Two stockholders would receive a dividend and the third would not, and money would be taken from a company for a dividend when its records failed to show that one had been declared. The possibility of such a result shows the unfitness of a rule allowing parol evidence as to a dividend. It is no hardship on a stockholder to refuse it, for his remedy is both simple and ample. He can take steps to correct the record, first in the corporation itself, by calling attention to the error that it may be corrected, or, where this will not avail, by *mandamus* to compel the secretary to do his duty as a recorder, or by a bill to correct the record. We confess, with some surprise, that we find no authority for either of these remedies ; but we see no reason why *mandamus* should not apply to a case like this, as well as to the numerous cases of failure to perform ministerial duties, in which it has been so frequently allowed. See Angell & Ames on Corp. 10 ed. § 707. Cases of errors in records must often have arisen, and probably the reason why we find no report of such cases lies in the fact

that ordinarily a majority which has the power to pass a vote also has the power to correct the record when there is an error. Without intending, therefore, to lay down a rule beyond the case before us, we decide that where, as in the matter of a dividend, members of a corporation have a common interest and right by virtue of action taken, the record should show what the corporation did, and in case of error the remedy should be by a proceeding to correct the record itself, rather than by parol evidence in collateral suits, which would be liable to different results.

It follows that the parol evidence offered in this case to show that a dividend was voted as an offset to advances, is inadmissible.

*James M. Ripley* and *John D. Thurston*, for complainant.
*William G. Roelker*, for respondents.