Michael A. Stavitsky and Eve Stavitsky v. Commissioner.
Stavitsky v. Commissioner
Docket No. 112364.
United States Tax Court
1943 Tax Ct. Memo LEXIS 157; 2 T.C.M. (CCH) 593; T.C.M. (RIA) 43379; August 7, 1943
*157 Samuel Klein, Esq., 60 Park Place, Newark, N.J., for the petitioners. Paul E. Waring, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1940 in the amount of $392.18. The petitioners allege that the respondent erred in treating a dividend of $5,219.17 received by Michael A. Stavitsky in 1940 as an ordinary dividend rather than a liquiding dividend. Findings of Fact The petitioners are husband and wife who filed a joint individual income and defense tax return for the calendar year 1940 with the collector of internal revenue at Newark, New Jersey. Michael A. Stavitsky, hereinafter called petitioner, and two other persons, Mayer Krasner and Louis Herman, were during the year 1940 the sole stockholders, directors, and officers of The Krasner, Herman, Stavitsky Co., a New Jersey corporation engaged in the real estate and insurance business in Newark, New Jersey. In December, 1940, as a result of the desire of petitioner to engage in the real estate and insurance business in his own behalf the three stockholders, after a number of conferences, decided *158 to liquidate the corporation. Accordingly, on December 28, 1940, an agreement was entered into between the three stockholders and the corporation whereby it was agreed that the corporation would not transact any new business after December 31, 1940, except to complete pending matters, and to provide for the liquidation of the company in an orderly manner as soon as possible. At meetings of the board of directors and stockholders held on December 28, 1940, effect was given to the agreement referred to by the adoption of resolutions providing in part: (1) * * * that the Company shall not function as an active organization doing new business, after December 31st, 1940, excepting, however, that the Company may complete pending matters. * * * and (2) * * * that the affairs of the Company shall be liquidated in an orderly manner, and as expeditiously as possible after December 31st, 1940. * * * On December 28, 1940, there was paid to petitioner by The Krasner, Herman, Stavitsky Co., as provided in the resolution dated December 28, 1940, $5,219.17, which payment was identified by the company on its books as a "liquidating dividend." On December 28, 1940, as part of the plan of liquidation, *159 The Krasner, Herman, Stavitsky Co. entered into an agreement with two of its debtors whereby the debtors agreed to transfer property consisting of real estate and mortgages in payment of their debts. The real estate and mortgages were transferred directly to the stockholders on June 1, 1942. Pursuant to the agreement and resolutions aforesaid: (a) Krasner, Herman, Stavitsky Co. ceased doing new business after December 31, 1940. (b) All employees were discharged except part-time services were rendered by a bookkeeper employed by the Krasner, Herman Co. (c) The automobiles owned by the company were sold to the petitioner and the Krasner, Herman Co. (d) Petitioner, on January 1, 1941, commenced business as a real estate and insurance broker on his own account. (e) Louis Herman and Mayer Krasner formed a corporation, Krasner, Herman Co., which corporation commenced doing business as of January 1, 1941, as real estate and insurance brokers. (f) Due to the prolonged illness of Mayer Krasner, who became ill in July, 1941, and did not recover from his illness until April, 1942, liquidation of The Krasner, Herman, Stavitsky Co. was held up. (g) Salaries paid in 1941 to the officers *160 were for services rendered in connection with the liquidation. (h) The remaining assets of The Krasner, Herman Stavitsky Co. were distributed December 24, 1942, and the company was legally dissolved on December 29, 1942. Opinion In the joint income tax return filed by the petitioner and his wife for the calendar year 1940, the petitioner alleged that the amount of $5,219.17 received by him in December, 1940, from The Krasner, Herman, Stavitsky Co. was received as capital gain and that he was taxable on only $2,459.58 of it. In the deficiency notice, which forms the basis of this proceeding, the respondent held "It is held that instead of having realized a capital gain of $2,459.58 on an alleged liquidating dividend of $5,219.17 of Krasner, Herman and Stavitsky, Inc., you actually received an ordinary dividend in the latter amount." The applicable provision of law is section 115 (c) I.R.C., which, so far as material, reads as follows.# (c) Distributions in Liquidation. - Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in *161 part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be considered as a short term capital gain, except in the case of amounts distributed in complete liquidation. For the purpose of the preceding sentence, "complete liquidation" includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan, not exceeding, from the close of the taxable year during which is made the first of the series of distributions under the plan, (1)three years, if the first of such series of distributions is made in a taxable year beginning after December 31, 1937, or (2) years, if the first of such series of distributions was made in a taxable year beginning after January 1, 1938. In the case of amounts distributed (whether before January *162 1, 1939, or on or after such date) in partial liquidation (other than a distribution to which the provisions of subsection (h) of this section are applicable) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits. * * * The crux of the question presented is whether the "time specified in the plan" is three years. The petitioner says that the plan was to liquidate the corporation within a period of 12 months from December 31, 1940, and that the failure to complete the liquidation within that time was due to the illness of Mayer Krasner. In Interstate Realty Co., 25 B.T.A. 728, we said, at page 734: * * * The preponderance of authority favors the view that the records of a private corporation are conclusive evidence of its acts and may not be varied or contradicted by parol testimony. Corpus Juris 22. at page 1088, citing Indian Refining Co. v. Buhrman, 220 F. 426, in which the court said that "the written minutes may be explained but not changed, barred or modified by oral testimony." In Dennis v. Joslin, 19 R.I. 666; *163 36 A. 129, the Supreme Court of Rhode Island said: "The declaration of a dividend is one of the most important acts of a corporation. It is an assignment pro tanto of its property. It clearly implies corporate action to that effect. It is action of such a character that it should appear on the books of the corporation." The resolution passed at the stockholders' meeting held December 28, 1940, and at the meeting of the directors held on the same date, was merely "that the affairs of the company shall be liquidated in an orderly manner and as expeditiously as possible after December 31st, 1940." We have no reason to doubt that this was the plan. Clearly it was the plan that was adopted at those meetings. Since it did not provide for the liquidation of the corporation within a period of three years there is no basis for the petitioner's contention that it comes within the ambit of section 115 (c) I.R.C. This conclusion is in accordance with Amory L. Haskell, 46 B.T.A. 164, affd. (C.C.A., 3rd Cir.), 133 F.2d 202. We discover no error in the determination of the respondent. Decision *164 will be entered for the respondent.